IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case No. 1:24-cv-10965

MINDEN PICTURES, INC.,

    Plaintiff,

v.

MIDWEST OUTDOORS, LTD.,

    Defendant.

# COMPLAINT

Plaintiff Minden Pictures, Inc. ("Plaintiff") sues Midwest Outdoors, Ltd. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Aptos, California.

2. Defendant is a limited company organized and existing under the laws of the State of Illinois with its principal place of business located at 111 Shore Drive, Burr Ridge, IL 60527. Defendant's agent for service of process is Daniel G. Ferris, 4770 Woodcliff Lane, Palatine, IL 60067.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has subject personal jurisdiction over Defendant because it maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction." Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

## FACTS

### I. Plaintiff's Business

6. Plaintiff is recognized as a premier provider of rights managed wildlife and nature stock photography/feature stories.

7. Plaintiff's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.

8. Plaintiff also features images of human interaction with the natural world highlighting scientific research, conservation, environmental issues, indigenous peoples, and eco-travel.

9. Plaintiff serves as the exclusive licensing agent for the numerous professional photographers whose work Plaintiff represents, including but not limited to the work at issue in this lawsuit.

### II. The Work at Issue in this Lawsuit

10. Sean Crane is one of many photographers represented by Plaintiff (see https://www.mindenpictures.com/favorites/photographer-portfolios/sean-crane.html). Mr. Crane,

a Connecticut native and accomplished wildlife photographer, embarked on a captivating journey across every U.S. state to capture fascinating images for his debut book, *American Hydrant*. Venturing across all seven continents, he has explored a diverse array of landscapes, documenting everything from the smallest invertebrates to the largest mammals during his international travels.

11. Mr. Crane's compelling writing and captivating photography have earned him features in renowned magazines, including *Popular Photography*, *Shutterbug and Spa*, *Natural History Magazine*, and *Outdoor Photographer*. Further, his artistic work has taken center stage on Broadway, providing a backdrop to the acclaimed play "Impressionism." Mr. Crane has received numerous accolades from esteemed organizations, including the Sierra Club, National Wildlife Federation, National Geographic, Audubon Society, BBC, North American Nature Photographer's Association, Luerzer's Archive, Communication Arts, and Smithsonian/Nature's Best.

12. In 2014, Mr. Crane created a professional photograph of a pair of coyotes titled "00551814" (the "Work"). A copy of the Work is displayed below:



13. The Work was registered by Mr. Crane and Plaintiff with the Register of Copyrights on February 10, 2017 and was assigned Registration No. VA 2-050-021. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as "**Exhibit A.**"

14. Mr. Crane and Plaintiff are the owners of the Work and have remained the owners

3

Case: 1:24-cv-10965 Document #: 1 Filed: 10/24/24 Page 4 of 8 PageID #:4

at all times material hereto. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

15. Defendant is a multimedia platform that provides information on fishing and hunting in the upper Midwest. Through a magazine, TV show, website, social media, podcast, and e-newsletter, users can access articles, videos, tips, maps, recipes, gear reviews, event calendars, vacation ideas, and safety instructions.

16. Defendant advertises/markets its business through its website (https://midwestoutdoors.com/), social media (e.g., https://www.facebook.com/MidWestOutdoorsUSA, https://twitter.com/MWOutdoorsUSA, and https://www.instagram.com/MidWestOutdoorsUSA), and other forms of advertising.

17. In or around February 2018 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media (at:

https://midwestoutdoors.com/hunting/aggressive-coyote-problems-increase-in-late-winter/coyotes-in-love/):

4



18. A true and correct copy of a screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

20. Defendant utilized the Work for commercial use.

21. Upon information and belief, Defendant located a copy of the Work on the Internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in August 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Mr. Crane and Plaintiff own a valid copyright in the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 MIDWEST OUTDOORS."), indicating that Defendant understands the importance of copyright protection and intellectual property rights, and is actually representing that it owns each of the photographs published on its website. See,

6

e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will

continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: October 24, 2024.

        COPYCAT LEGAL PLLC
        3111 N. University Drive
        Suite 301
        Coral Springs, FL 33065
        Telephone: (877) 437-6228
        dan@copycatlegal.com

        By: /s/ Daniel DeSouza
            Daniel DeSouza, Esq.